Parker C. J.
delivered the opinion of the Court. The answer of the trustee does not show any fraudulent intent between him and the principal, and if the original transaction could have been avoided by creditors, still upon the new arrangement, a bond being given by the respondent, the conveyance is good for the purposes intended. But the respondent held the land until the sale, and the proceeds afterward, as the trustee of the principal, for the payment of the debt to himself and such expenses as he had a right to charge, and for the use of the principal as to any surplus. He is therefore to account for the proceeds, and upon the account rendered it is clear that there is a balance in his hands belonging to the principal. He must therefore stand charged as trustee.[1]
It was moved to dismiss this appeal on the ground that no issue was joined at the Court of Common Pleas; but we are of opinion that the allegation of the plaintiff, that there were goods, effects, &c. deposited with the respondent, and his denial, constitute an issue, within the intent of the legislature.[2]

 See Bazen v. Emerson, 9 Pick. 144; Bissell v. Strong, 9 Pick. 562.

 See Piper v. Willard, 10 Pick. 34.